

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

George L. Brandley
Assistant United States Attorney

970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2700

GLB/PL AGR
2019R01009

October 16, 2024

**RECEIVED**
JUL 15 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Maria D. Noto, Esq.
Law Office of Maria D. Noto, P.C.
746 NJ-34
Matawan, NJ 07747    Criminal Number: 25-451-01 (MAS)

      Re:    <u>Plea Agreement with Thomas Conzo</u>

Dear Ms. Noto:

      This letter sets forth the plea agreement between your client, Thomas Conzo, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on October 25, 2024, if it is not accepted in writing by that date. If Thomas Conzo does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Thomas Conzo to an Information charging him health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. If Thomas Conzo enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against him for, from in or around August 2022 through March 2023, participating in a scheme to defraud Medicare and/or New Jersey Medicaid by submitting fraudulent claims for prescriptions .

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Thomas Conzo even if the applicable statute of limitations period for those charges expires after Thomas Conzo signs this agreement, and Thomas Conzo agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1347 to which Thomas Conzo agrees to plead guilty in the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Thomas Conzo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Thomas Conzo ultimately will receive.

Further, in addition to imposing any other penalty on Thomas Conzo, the sentencing judge as part of the sentence:

(1) will order Thomas Conzo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Thomas Conzo to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*;

(3) may order Thomas Conzo, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7);

(5) pursuant to 18 U.S.C. § 3583 may require Thomas Conzo to serve a term of release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Thomas Conzo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed,

regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Thomas Conzo agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of that offense as follows:

| Victim | Amount |
| --- | --- |
| Medicare | $ 73,925.49 |
| New Jersey Medicaid | $ 100,899.18 |

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Thomas Conzo by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Thomas Conzo's activities and relevant conduct with respect to this case.

Stipulations

This Office and Thomas Conzo will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Thomas Conzo waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Forfeiture</u>

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Thomas Conzo agrees to forfeit to the United States all of his right, title, and interest in all property that he obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. §§ 1347 and 2 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7). Thomas Conzo further agrees that the value of such property was approximately $174,824.67; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount not to exceed $174,824.67 (the "Forfeiture Amount"). Thomas Conzo consents to the entry of an order at or around the time of the plea hearing requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets. Thomas Conzo further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) bank or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Thomas Conzo waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Thomas Conzo understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Thomas Conzo waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Thomas Conzo further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Thomas Conzo fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Thomas Conzo has intentionally failed to disclose assets on his Financial Disclosure Statement, Thomas Conzo agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Thomas Conzo understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Thomas Conzo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Thomas Conzo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Thomas Conzo understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Thomas Conzo waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Thomas Conzo also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Thomas Conzo. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Thomas Conzo from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Thomas Conzo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: GEORGE L. BRANDLEY
Assistant U.S. Attorney

APPROVED:

*Bernard J. Cooney*

BERNARD J. COONEY
Chief, Health Care Fraud Unit

- 6 -

   I have received this letter from my attorney, Maria D. Noto, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsels' explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 12/20/24
Thomas Conzo

   I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 12-20-24
Maria D. Noto, Esq.
Counsel for Thomas Conzo

- 7 -

<u>Plea Agreement With Thomas Conzo</u>

<u>Schedule A</u>

1. This Office and Thomas Conzo recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. The applicable guideline for the offense charged in the Information is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6. U.S.S.G. § 2B1.1(a)(2).

4. Because the offense involved losses totaling more than $150,000 but not more than $250,000, the Specific Offense Characteristic results in an increase of 10 levels. *See* 2B1.1(b)(1)(F)-(G).

5. As of the date of this letter, Thomas Conzo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Thomas Conzo's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Thomas Conzo has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Thomas Conzo's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Thomas Conzo enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Thomas Conzo's acceptance of responsibility has continued through the date of sentencing and Thomas Conzo therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Thomas Conzo's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. If Thomas Conzo establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 11; otherwise, Thomas Conzo's total Guidelines offense level will be 13 (the "Total Offense Level").

8.      The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

9.      If the term of imprisonment does not exceed 18 months (if U.S.S.G. § 4C1.1 does not apply) or 14 months (if U.S.S.G. § 4C1.1 applies), and except as specified in the next paragraph below, Thomas Conzo will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months (if U.S.S.G. § 4C1.1 does not apply) or 8 months (if U.S.S.G. § 4C1.1 applies), this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).